UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21147-CIV-GOODMAN
[CONSENT CASE]

ERIC ROMANO, et al.,

    Plaintiffs,

v.

JOHN HANCOCK LIFE INS. COMPANY (U.S.A.),

    Defendant.

_____/

### ORDER ON HANCOCK'S PROPOSED REDACTIONS

The Undersigned issued two under-seal Orders containing the Court's rulings on Defendant's Summary Judgment Motion [ECF No. 255] and the parties' multiple *Daubert* motions [ECF Nos. 257-60; 264-65]. The Orders were filed under seal because Defendant designated some materials that the parties used in their motions and memoranda as confidential. In order to allow Defendant an opportunity to protect the information that it believed to be confidential, the Undersigned required it to publicly file redacted versions of the under-seal Orders eliminating only language which is so genuinely confidential that it deserves redaction.

Because the Undersigned anticipated the possibility that Defendant's proposed redactions may not all be justified, Defendant was ordered to also provide a courtesy

copy of the redacted, publicly-filed versions of the Orders to the Undersigned's Chambers efile inbox so that the Undersigned may either accept or reject the proposed redactions. Defendant fully complied with the Undersigned's Order and has publicly filed its proposed redacted Orders [ECF Nos. 335; 336] and provided courtesy copies to the Chambers efile inbox. The Undersigned rules on Defendant's proposed redactions as follows:

1. **Redactions of the Undersigned's Omnibus Order on the Parties'** *Daubert* **Motions**

In Defendant's proposed redacted version of the Undersigned's Omnibus Order on the Parties' *Daubert* Motions, it proposed redactions to two sentences found on page 49 of the Order. [ECF No. 335-1]. The redactions are located in the analysis section of the Undersigned's ruling on Defendant's motion to exclude the testimony of Plaintiffs' damages expert, Barry Mukamal. Specifically, the redactions are to the underlined sections of the following sentences:

   a. "First, Defendant claims that Mukamal didn't account for the fact that <u>its 2017 and 2019 tax returns are still subject to audit</u>."

   b. "Although <u>Defendant's 2017 and 2019 tax returns</u> have been submitted to the IRS, Defendant claims the potential for change -- a speculative future event -- renders Mukamal's opinion flawed to the point necessitating exclusion."

The Undersigned rejects Defendant's proposed redactions for two reasons.

First, the redactions concern a substantive portion of the Undersigned's ruling on Defendant's *Daubert* motion. If the Undersigned accepted Defendant's proposed

redactions, then the reader of the Order would be wholly unable to understand exactly why the Undersigned rejected Defendant's argument as to the reliability of Mukamal's opinion.

Second, the information Defendant seeks to redact has already been made available to the public via Defendant's own filings. In Defendant's publicly-filed version of its Motion to Exclude the Expert Report and Testimony of Barry Mukamal, it makes the following argument:

> As JHFC's tax return is subject to continuous audit by the IRS, changes to consolidated taxable income and consolidated tax are made or agreed to, and even sometimes litigated, by the IRS or John Hancock subsequent to the filing of any year's tax return, delaying the ultimate determination of the allowable FTC until, in some cases, many years into the future. Jacqueline Alvino, an assistant vice president in the John Hancock Tax Group, testified that *a tax year is not closed until an IRS Revenue Agent's Report has been issued and that, as of the date of her July 2021 deposition, such reports had not been finalized for the years 2016 and later.* (Mukamal Ex. 5 at 33:4–9, 33:20–23, ECF No. 259-5). Even though Ms. Alvino's deposition transcript was one of the seven documents on Mr. Mukamal's list of documents utilized, *he failed to account for the fact that these tax years—which include the only two for which Mr. Mukamal finds that RPS FTCs were utilized—are still subject to further audit adjustment*, as Ms. Alvino testified.

[ECF No. 259, pp. 15-16] (footnote omitted) (emphasis added). Thus, Defendant has already made available the fact that the only two tax years for which Mr. Mukamal found that RPS FTCs were utilized are subject to audit.

In one of Defendant's exhibits to its public motion to exclude, it included the following unredacted graph:

Table 3: RPS FTC and Utilization

| | RPS FTC [1] | % Utilized | RPS FTC Utilized by JHFC | Year Utilized |
|---|---|---|---|---|
| | A | Table 2; B | A x B | Table 2 |
| 2013 | $ 15,505,649 | 100% | $ 15,505,649 | 2017 |
| 2014 | 17,163,253 | 2% | 306,881 | 2017 |
| | | 98% | 16,856,372 | 2019 |
| 2015 | 16,553,439 | 100% | 16,553,439 | 2019 |
| 2016 | 18,143,944 | 100% | 18,143,944 | 2019 |
| 2017 | 20,405,535 | 100% | 20,405,535 | 2017 |
| 2018 | 22,569,648 | 94% | 21,226,242 | 2019 |
| 2019 [2] | 22,569,648 | 100% | 22,569,648 | 2019 |
| | $ 132,911,116 | | $ 131,567,709 | |

1) 2013 JH-ROMANO_038562, 2014 JH-ROMANO_038563, 2015 JH-ROMANO_038564, 2016 JH-ROMANO_038565, 2017 JH-ROMANO_038566, 2018 JH-ROMANO_038567
2) 2019 RPS FTC estimated to be the same amount as 2018 RPS FTC.

[ECF No. 259-1, p. 12]. Because Defendant previously disclosed that the only two tax years for which Mr. Mukamal found that RPS FTCs were utilized are still subject to audit, and this graph reveals that Mr. Mukamal found that Defendant utilized RPS FTCs in only 2017 and 2019, then Defendant has already disclosed to the public that its 2017 and 2019 tax returns are still subject to audit, which is the only information that it seeks to redact.

For these reasons, Defendant's proposed redactions are **denied**, and the Undersigned's Order will be uploaded in full.

2. **Redactions to the Undersigned's Order on Defendant's Summary Judgment Motion.**

In Defendant's proposed redacted version of the Undersigned's Order on Defendant's Summary Judgment Motion, it proposes seven different redactions on pages

4

25-27 of the Order. [ECF No. 336-1]. The redactions are all located in the Undersigned's "Undisputed Facts" section and concern only the specific dollar amounts contained in Defendant's relevant tax filings.

The Undersigned accepts these redactions. The proposed redactions impact information irrelevant to the substance of the Undersigned's analysis and concern only information which Defendant has kept confidential during the litigation.

Accordingly, the Undersigned will upload a public version of the Order containing Defendant's requested redactions.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 9, 2022.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record