UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21147-CIV-GOODMAN
[CONSENT CASE]

ERIC ROMANO, et al.,

    Plaintiffs,

v.

JOHN HANCOCK LIFE INS. COMPANY (U.S.A.),

    Defendant.
_____/

## ORDER ESTABLISHING
## SUMMARY JUDGMENT RULING
## NOTICE PROCEDURE

This Order concerns the logistics of providing notice of the Undersigned's Order granting Defendant's summary judgment motion [ECF No. 339]. The Undersigned required the parties to meet and confer on the issue and they were able to agree on the content of the proposed notice [ECF No. 344-1] but were unable to agree on the means of distributing the notice or the cost (if direct, individual mail notice were to be used) [ECF Nos. 344; 345].

Plaintiffs and Defendant each submitted a memorandum of law supporting their position on the logistics of providing notice to the class members. In Plaintiffs' view, Federal Rule of Civil Procedure 23 does not permit the Court to order that notice of this

ruling be provided, but if it is ordered, then notice should be posted only on the dedicated class action website for this lawsuit. [ECF No. 344]. In Defendant's view, the Court can order notice, and due process and fairness require that notice be delivered via individual first-class mail, the same way notice of class certification was provided. [ECF No. 345]. The Undersigned reviewed the parties' memoranda and held a one-hour hearing.

Both parties agree that there is no case law that directly addresses whether a court must provide notice of an unfavorable summary judgment ruling to absent class members. The parties also both agree that the only possible authority permitting this type of notice stems from Rule of Civil Procedure 23(d)(1)(B)(i)-(iii), which provides:

> (1) In General. In conducting an action under this rule, the court *may* issue orders that:
>
> ***
>
> (B) require--to *protect class members* and *fairly conduct the action*--giving appropriate notice to some or all class members of:
>   (i) any *step* in the action;
>   (ii) the proposed extent of the judgment; or
>   (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action[.]

Fed. R. Civ. P. 23(d)(1)(B)(i)-(iii) (emphasis supplied).

The Undersigned disagrees with Plaintiffs' narrow interpretation of Rule 23. Under the Rule's plain reading, the Court may require that appropriate notice be given to class members about **any** step in the action to protect the class and fairly conduct the action. Here, the step in the action is a negative, case-disposing ruling granting

2

Defendant's summary judgment motion. Informing the class members that the case was decided in Defendant's favor falls within the Rule's only two limiting principles: Fairness and Protection.

Nevertheless, although the Court concludes that it has the authority to do so, the Undersigned is not going to *require* that individualized notice be sent to each class member. Because the class members are not at risk of waiving an unexercised right (e.g., opting out of a class action, objecting to a settlement, etc.) and will not be required to take any specific action upon receipt of the notice, it is unnecessary to provide direct, individualized notice.

Here, the class members have *already* received direct notice via first-class mail which, in addition to containing information about the case, under a subsection titled "Where May I Obtain Additional Information?" states:

> This Notice provides only a summary of matters relating to the litigation. You MAY DISCUSS THIS WITH YOUR OWN ATTORNEY. You may EXAMINE THE COURT'S FILE regarding this litigation during regular business hours, at the office of the Clerk of the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. **You may also visit the dedicated litigation website** created by Plaintiffs' counsel at www.xxxxxxxxx.com where you may obtain important documents filed in the case thus far, or call the toll-free number 1-800-xxx-xxxx.

[ECF No. 310-1] (emphasis added).[1]

---

[1] This is a quote from the proposed notice which was approved by the Court. [ECF No. 315]. The notice actually submitted to the class members contained the final website link and toll-free number instead of the "xxxx" placeholders.

Because the absent class members have already been provided with a link to the dedicated litigation website, the Undersigned is satisfied that posting the agreed notice [ECF No. 344-1] to that litigation website is sufficient. *Cf. Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646, 2010 WL 2401149 (S.D. Fla. June 15, 2010) (finding that notice via website and print publication was sufficient under Rule 23(e)(1)'s "reasonable manner" standard); Manual for Complex Litigation § 30.211, at 223 ("Receipt of actual notice by all class members is required neither by Rule 23 nor the Constitution . . . . What efforts are reasonable under the circumstances of the case rests initially in the sound discretion of the judge before whom the case is pending.").

During the hearing, Plaintiffs' counsel indicated that posting the notice to the website would be a simple task and could likely be accomplished within a day. Therefore, Plaintiffs shall upload the agreed notice to the dedicated litigation website by June 3, 2022.

As outlined above, Defendant argued during the hearing that due process requires individualized notice via direct mail. Defendant felt so strongly about this position that it stated that it would rather pay for individual mailed notices at its own expense than rely on a notice posted to the dedicated litigation website. This Order sets only the *minimum* notice procedure. Defendant may, in its discretion -- and at its own expense -- send the agreed notice to the class members via direct mailing.

If Defendant elects to take this option, then it shall timely file a notice of its intent on CM/ECF. Further, Plaintiffs and the class action administrator shall cooperate with

Defendant by providing any information which Defendant needs to mail the notice (i.e., addresses, spreadsheets, databases, etc.).

In summary, Plaintiffs shall upload the agreed notice to the dedicated litigation website by June 3, 2022. Defendant is permitted to mail the agreed notice to class members at its own expense and shall timely file a notice of its intent to do so on CM/ECF and if Defendant chooses to mail the notice to the class members, then Plaintiffs and the class action administrator shall timely assist by providing Defendant with any information or data necessary.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 1, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record